IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

**ERNEST VANDALL,**

      **Plaintiff,**

v.                                        Civil Action No. 5:17-cv-03544

**WELLS FARGO BANK, N.A.,**

      **Defendant.**

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA, BECKLEY DIVISION

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by counsel, respectfully notifies the Court pursuant to 28 U.S.C. §§ 1332 and 1441 that it has removed this action from the Circuit Court of Greenbrier County, West Virginia to this Court. Removal is based on the grounds that diversity jurisdiction exists over this action, as there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00.

## BACKGROUND

1. This action was originally filed in the Circuit Court of Greenbrier County, West Virginia, Civil Action No. 17-C-106(B) on May 17, 2017 and was served on Corporation Service Company on June 6, 2017. A copy of the Summons and Complaint obtained from the Greenbrier County Circuit Court is attached as **Exhibit 1**. Plaintiff does not stipulate that he seeks less than $75,000 in his Complaint.

2. Wells Fargo was served with the Complaint on or about June 6, 2017, and therefore this removal is timely pursuant to 28 U.S.C. § 1446(b).

3. Plaintiff's Complaint asserts claims relating to the servicing of Plaintiff's mortgage. This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. § 1332. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

## DIVERSITY JURISDICTION

4. Federal diversity jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1332, because all parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A. There Is Complete Diversity Among All Parties**

5. There is diversity of citizenship among all parties. Plaintiff is a citizen and resident of Rainelle, Greenbrier County, West Virginia. (Comp. ¶ 1).

6. Wells Fargo is a federally charted national bank with its principal office in Sioux Falls, South Dakota. Pursuant to 28 U.S.C. § 1348, Wells Fargo Bank, N.A., as a national banking association, is a citizen of the state where it is "located." In 2006, the United States Supreme Court, after a thorough examination of the historical versions of § 1348 and the existing case law, held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of incorporation, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307 (2006). Wells Fargo, with its main office located in Sioux Falls, South Dakota, is a citizen of South Dakota.

7. Thus, complete diversity exists between Plaintiff and Wells Fargo. *See* 28 U.S.C. § 1332(a)(1).

**B.     The Amount in Controversy Exceeds $75,000.00**

8.     Plaintiff's Complaint meets the $75,000.00 amount-in-controversy requirement for diversity jurisdiction. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332.

9.     Plaintiff asserts eight (8) separate counts against Wells Fargo arising out of the servicing of his mortgage, entered in 2009 to purchase his home. (Comp. ¶ 4). In particular, Plaintiff claims that Wells Fargo breached the parties' contract and violated West Virginia law by cancelling his flood insurance policy without providing him notice, while allegedly continuing to collect flood insurance premium in Plaintiff's escrow payment. (Comp. ¶ 19-59). Plaintiff asserts that, in June 2016, his home and its contents were destroyed in a flood, but he was without coverage to repair his home and replace his contents due to Wells Fargo's alleged conduct. (Comp. ¶ 11-17). Plaintiff claims that he has been harmed by Wells Fargo's alleged conduct and has sustained the following damages: his house and its contents were destroyed by flood for which he has no insurance; he suffered annoyance and inconvenience; he lost the use of funds that he spent to repair and furnish his house; he has incurred unnecessary debts to repair and furnish his house; and he has incurred other expenses. (Comp. ¶ 59). Plaintiff seeks damages to compensate him for these losses, punitive damages, attorney's fees and costs, and a declaration that he has a flood insurance policy in effect to cover his 2016 losses. (*Id.*).

10.     Where, as here, Plaintiff seeks recovery of an indeterminate amount, diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See Dunlap v. Green Tree Servicing, LLC*, 2005 U.S. Dist. LEXIS 32485, *8 (S.D. W. Va. Nov. 28, 2005). This burden may be met if "it is

facially apparent" from the complaint that the plaintiff's claims "are likely" to exceed $75,000.00, exclusive of interest and costs. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The determination of whether the amount in controversy is satisfied is left to the court's "common sense." *Mullins v. Harry's Mobile Homes*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994).

11. On September 29, 2009, Plaintiff entered into a note in the amount of $88,000.00 (the "Note"), in favor of Wells Fargo, secured by a deed of trust (the "Deed of Trust") (collectively, the "Loan"), to purchase his real property located at 213 2nd Street, Rainelle, West Virginia 25962 (the "Property"). (Comp. ¶ 4) (Affidavit of Brandon McNeal ("McNeal Aff."), attached as **Exhibit 2**, ¶ 3-4, Ex. A, B).

12. At the time that the Loan was entered, Plaintiff's Property was located in a flood zone, thus Wells Fargo required him to provide proof of flood insurance coverage as a condition to obtaining the mortgage. (Comp. ¶ 5; McNeal Aff. ¶ 5). Plaintiff's Property was covered by a flood insurance policy in the amount of $92,900 for the building and $20,000 for the contents from 2009 to 2013. (McNeal Aff. ¶ 6-7, Ex. C).

13. In 2012, Plaintiff's flood insurance policy was allegedly cancelled because the flood zone for his property changed such that the flood-insurance coverage was no longer required. (Comp. ¶ 14). Plaintiff alleges that he was not notified of this change and continued to pay flood insurance premium in his escrow payment through 2016. (*Id.* ¶ 14, 16).

14. In June 2016, Plaintiff's Property and its contents were "destroyed" in a flood, after which he allegedly learned that he had no flood coverage at that time. (Comp. ¶ 11, 59)

15. While Plaintiff's Complaint does not specify an amount of requested damages, it nonetheless is facially apparent that the damages claimed exceed the $75,000.00 jurisdictional

threshold because Plaintiff claims that his home and its contents – insured for $112,900 – were "destroyed" by flood. Plaintiff seeks actual damages to compensate him for the damage to his home and loss of its contents, as well as a declaration that his flood insurance policy was in effect in July 2016 and continuing thereafter. (Comp. ¶ 23, 59).

16. Where a plaintiff seeks declaratory relief, the "amount in controversy is measured by the value of the object of the litigation." *Woodrum v. Mapother & Mapother P.S.C., Inc.*, 2010 U.S. Dist. LEXIS 107101, at *8-10 (S.D. W.Va. Oct. 5, 2010). In determining the value of the object of litigation, the Fourth Circuit "has employed the 'either party approach,' examining the potential pecuniary effect that a judgment would have on either party to the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (citing *Gov't Emps. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). "Under this 'value' test, the jurisdictional amount in controversy requirement is met if *either the 'direct pecuniary value' of the right the plaintiff seeks to enforce . . . or the cost to the defendant of complying with any prospective equitable relief exceeds $75,000.*" *Lee School Lofts, L.L.C. v. Amtax Holdings 106 LLC*, 2008 U.S. Dist. LEXIS 87572, at *3 (E.D. Va. Oct. 29, 2008) (citations omitted) (emphasis added). "In applying this test, courts are required to look to the underlying rights and obligations of the litigants to 'calculate the potential pecuniary impact of [a] judgment to either party.'" *Wood v. Gen. Dynamics Advanced Info. Sys., Inc.*, 2009 U.S. Dist. LEXIS 51517, at *4 (M.D. N.C. June 17, 2009) (quoting *Market Am., Inc. v. Tong*, 2004 U.S. Dist. LEXIS 13664, at *2 (M.D. N.C. July 15, 2004)). "The Court's duty then is to find the economic worth of the 'object in controversy,' keeping in mind that 'any one case may be legitimately valued in a number of different ways,' and that '[n]o one economic analysis will be right for all cases.'" *Cole v. Captain D's, LLC*,

2008 U.S. Dist. LEXIS 85873, at *2 (W.D. N.C. Aug. 29, 2008) (quoting *Hoffman v. Vulcan Materials Co.*, 19 F. Supp. 2d 475, 481-82 (M.D. N.C. 1998)).

17. Where, as here, the validity of a contract of insurance is at issue in the declaratory judgment action (*i.e.* whether a contact exists), then the face value of the policy, or the limit of the policy, is the amount-in-controversy for jurisdictional purposes. *Pepper v. State Farm Mut. Ins. Co.*, No. 2:12-cv-01459, 2012 U.S. Dist. LEXIS 177210 *8 (S.D. W. Va. Dec. 14, 2012) (denying remand, finding where the plaintiff seeks to establish the validity of an insurance contract, the amount of the policy "coverage is the proper measure for the amount in controversy"); *Erie Cas. Co. v. Smith*, No. 5:05-cv-01137, 2006 U.S. Dist. LEXIS 64599 *9 (S.D. W. Va. Sept. 8, 2006) (citing 14A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 3710 (3rd ed. 1998) ("[i]n the context of a declaratory judgment action calling into question the validity of a contract of insurance…the amount-in-controversy is the face value of the policy"); *Bell v. Philadelphia Life Ins. Co.*, 78 F. 2d 322, 323 (4th Cir. 1935) (because Plaintiff sought a declaratory judgment that the policy was still in force, the full value of the policy was at stake for determining the amount in controversy); *Darbet, Inc. v. Bituminous Casualty Corp.*, 792 F. Supp. 487, 488-89 (S.D. W. Va. 1992) (finding where a declaratory judgment "calls into question the validity of a contract of insurance such as when the insurer contends the policy is lapsed…the amount in controversy is the face amount of the policy"); *see also e.g., Porter Am. Heritage Life Ins. Co.*, 956 F. Supp. 2d 344, 348 (D. R.I. 2013) ("If the object of the litigation is to re-establish the operation of the policy for all purposes, the full face value of the policy [*i.e.* the policy limits] is at stake…and is, therefore, the amount in controversy"); *Infinity Ins. Co. v. Guerrero*, No. 07-583, 2007 U.S. Dist. LEXIS 60631*15 (E.D. Ca. Aug. 6, 2007) ("Where the substance of the declaratory judgment action seeks to

determine the validity of an insurance policy, the policy limit is the amount in controversy") (citing cases); *Wilbert v. UNUM Life Ins. Co.*, 981 F. Supp. 61, 64 (D.R.I. 1997) (finding the amount in controversy was the face value of the policy where the plaintiff sought to have cancelled policies reinstated).

18. In this case, Plaintiff seeks a declaration that his flood insurance policy was in effect in 2016, despite the fact that his policy was cancelled prior to 2016. (Comp. ¶ 14-15, 19-23). Before claiming coverage for the damage to his property under the policy, Plaintiff will have to prove that the cancelled policy should nonetheless be in full force and effect. *See Pepper*, 2012 U.S. Dist. LEXIS 177210 at *8 (finding "the face value of the UIM coverage is the proper measure for the amount in controversy. Before [Plaintiff] can apply UIM coverage to a particular occurrence, he must seek reformation of his contract – that is, prove the validity of the UIM coverage"). Accordingly, the proper measure for the amount-in-controversy for Plaintiff's declaratory relief claim (Count I) is $112,900 ($92,900 for the building and $20,000 for contents), the limit of the flood insurance policy that he seeks to have declared valid and enforceable. (McNeal Aff. ¶ 6).

19. In addition, Plaintiff has requested other forms of relief, including damages for annoyance and inconvenience, damages for loss of use of funds used to repair and furnish the house, damages for unnecessary debts incurred, punitive damages, and attorneys' fees and costs. Those damages, although unspecified at this point, add even more monetary value to the overall amount in controversy here, and facially show that the amount requested in damages exceeds the jurisdictional threshold in this matter. *McGraw v. Discovery Fin. Servs.*, 2005 U.S. Dist. LEXIS 37111 (S.D. W. Va. 2005) (attorneys' fees can be considered for amount in controversy purposes); *Hutchens v. Progressive Paloverde Ins.*, 211 F. Supp. 2d 788, 791 (S.D. W. Va. 2002)

(denying motion to remand, finding "punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action").

20. Therefore, diversity jurisdiction exists because the parties are diverse and the amount in controversy exceeds $75,000.00.

## VENUE

21. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of Greenbrier County, West Virginia, the forum in which the removed action was pending.

## NOTICE

22. Concurrently with the filing of this Notice, Defendant will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Greenbrier County, West Virginia. A copy of the Notice of Filing Notice of Removal (without this Notice of Removal which is attached thereto) is attached hereto as **Exhibit 3**.

Dated: July 6, 2017

Respectfully submitted,

**WELLS FARGO BANK, N.A.**

By: \_\_\_/s/ John C. Lynch_____
Of Counsel

John C. Lynch (WV Bar No. 6627)
Jason E. Manning (WV Bar No. 11277)
*Counsel for Defendant*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

**ERNEST VANDALL,**

      **Plaintiff,**

v.                                                                Civil Action No. 5:17-cv-03544

**WELLS FARGO BANK, N.A.,**

      **Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and I further certify that a true and correct copy of the foregoing was sent via first class mail, postage prepaid, to:

**Counsel for Plaintiff**
Jeffrey V. Mehalic (WV State Bar No. 2519)
LAW OFFICES OF JEFFREY V. MEHALIC
346 Patteson Drive, No. 228
Morgantown, West Virginia 265-3203
(304) 346-3462

                                                   /s/ John C. Lynch
                                          John C. Lynch (WV Bar No. 6627)
                                          Jason E. Manning (WV Bar No. 11277)
                                          *Counsel for Defendant*
                                          TROUTMAN SANDERS LLP
                                          222 Central Park Avenue, Suite 2000
                                          Virginia Beach, Virginia 23462
                                          Telephone: (757) 687-7564
                                          Facsimile: (757) 687-1524
                                          E-mail: john.lynch@troutmansanders.com
                                          E-mail: jason.manning@troutmansanders.com